IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY MASON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-14-2235 |
| MCI-H | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was opened on July 11, 2014 upon receipt of Plaintiff's Complaint alleging he was assaulted by another inmate. Plaintiff was advised that his self-represented pleadings did not state a cognizable claim as presented nor did the pleading name a proper Defendant. Plaintiff was given 28 days in which to cure the deficiency. ECF No. 3. The Court is in receipt of Plaintiff's Supplemental Complaint. ECF No. 4.

This Court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Supplemental Complaint fails to cure the deficiency found in Plaintiff's initial Complaint. To sustain an action under 42 U.S.C. § 1983, the plaintiff must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has brought his complaint against "MCI-H Dept of Corr." ECF Nos 1 & 4. There is no legal entity named "MCI-H Dept of Corr." Because defendant "MCI-H Dept of Corr." is not a "person" subject to suit or liability under § 1983, Plaintiff's complaint shall be dismissed. *See West*, 487 U.S. at 48.

Even if the Court construed Plaintiff's Complaint as having been filed against the

Maryland Division of Corrections, the Complaint would be subject to dismissal nonetheless. Under the Eleventh Amendment, a state, including, its agencies and departments, is immune from federal lawsuits brought by its citizens or the citizens of another state, absent consent. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U. S. 89, 100 (1984); *see also Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) ("Sovereign immunity deprives a court of jurisdiction to hear a case."). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's complaint against the Division of Corrections (DOC), an agency within the State of Maryland, is barred by the Eleventh Amendment, and it will be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) shall be granted.

A separate Order follows.

Date: 10 03 14

Paul W. Grimm
United States District Judge